# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

|  |  |  |
|---|---|---|
| ERIC PHERNETTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  2:13-cv-00487-APR |
| | ) | |
| v. | ) | |
| | ) | |
| McDONALD'S | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPINION AND ORDER</u>

The matter is before the court on the Motion for Relief and Response to Motion by Defendant [DE 25] filed by the *pro se* plaintiff, Eric J. Phernetton, on April 14, 2014; the Motion of Response to Defendant Counsel [DE 33] filed by Phernetton on May 7, 2014; the Motion to Compel [DE 35] filed by the defendant, Lowell, Inc. (incorrectly sued as McDonald's) on May 12, 2014; the Motion to Strike Certain of Plaintiff's Filings [DE 36] filed by Lowell on May 12, 2014; the Motion to Deem Defendant's Request to Admit as Admitted Against Plaintiff [DE 37] filed by Lowell on May 12, 2014; the Motion for Continuance and Medical Reports [DE 39] filed by Phernetton on May 16, 2014; the Motion for Cease and Desist and Contempt [DE 43] filed by Phernetton on June 2, 2014; the Motion to Appoint Legal Counsel [DE 45] filed by Phernetton on June 4, 2014; the Motion of Notification [DE 48] filed by Phernetton on July 7, 2014; the Motion to Continue [DE 50] filed by Phernetton on July 23, 2014; and the Motion to Overrule Defense Objection [DE 53] filed by Phernetton on July 30, 2014.

For the following reasons, the Plaintiff's Motion for Relief and Response to Motion by Defendant [DE 25] is **DENIED**; the Motion of Response to Defendant Counsel [DE 33] is

**STRICKEN**; the Defendant's Motion to Compel [DE 35] is **GRANTED**; the Motion to Strike Certain of Plaintiff's Filings [DE 36] is **GRANTED IN PART and DENIED IN PART**; the Defendant's Motion to Deem Defendant's Request to Admit as Admitted Against Plaintiff [DE 37] is **DENIED**; the Motion for Continuance and Medical Reports [DE 39] is **STRICKEN**; the Motion for Cease and Desist and Contempt [DE 43] is **DENIED**; the Motion to Appoint Legal Counsel [DE 45] is **DENIED**; the Motion of Notification [DE 48] is **STRICKEN**; and the Motion to Continue [DE 50] is **DENIED**. The court **STRIKES** DE 3-5, 14, 20. The court **DIRECTS** the clerk to amend the docket to show that the Motion to Overrule Defense Objection [DE 53] is a response brief.

<u>Background</u>

On December 27, 2013, the *pro se* plaintiff, Eric Phernetton, filed a complaint alleging that the defendant, Lowell, Inc. (incorrectly sued as "McDonald's"), discriminated against him in violation of Title VII and the Americans with Disabilities Act. Lowell filed its answer to Phernetton's complaint on February 28, 2014. Phernetton replied to the Answer on March 31, 2014. On March 25, 2014, Lowell's counsel, Jason D. Keck, attempted to speak with Phernetton regarding the parties' Federal Rules of Civil Procedure 26(f) report. Phernetton refused to respond substantively to Keck. On March 28, 2014, Lowell filed its proposed scheduling order. Phernetton later submitted a response to Lowell's Rule 26(f) report.

On April 1, 2014, Lowell served its First Set of Interrogatories, First Set of Requests to Admit, and First Set of Production Requests upon Phernetton. Lowell filed the discovery requests with the court on April 9, 2014. Also on April 9, Phernetton filed a "Response to Admit" in which he stated that he would "give some of a little of answer" to Lowell's Request to

Admit. *See* DE 22. Phernetton admitted to Lowell (McDonald's) being his only place of employment during the specified time frame. Phernetton further stated that he elected not to be deposed. Phernetton filed several other documents with the court, stating that he would not respond to Lowell's discovery requests or submit to a deposition because he was prohibited under the Health Insurance Portability and Accountability Act (HIPAA), the Social Security Act, the Constitution, and federal tax laws. He also claimed that he would commit perjury if he was required to submit to a deposition.

Phernetton's responses to the First Set of Interrogatories, First Set of Requests to Admit, and First Set of Production Requests were due on or before May 1, 2014. As a follow-up, on May 2, 2014, Keck emailed Phernetton to inquire about the status of his discovery responses. Phernetton responded to the email from Keck stating that he was "prohibited to answer by both State and Federal law." On May 12, 2014, Lowell filed a Motion to Compel, a Motion to Strike Certain of Plaintiff's Filings, and a Motion to Deem Defendant's Requests to Admit as Admitted Against Plaintiff. Lowell asks to strike several documents labeled as docket statements, Phernetton's response to its Rule 26(f) report, Phernetton's response to its answer, several motions Phernetton filed that the court already has denied, and Phernetton's response to its Request to Admit. *See* DE 3-5, 14, 20, 22, 23, 29-33.

Phernetton also has filed several motions. On May 16, 2014, Phernetton filed a Motion for Continuance and Medical Reports. In it, Phernetton repeated his reasons for failing to submit to a deposition. A few weeks later he filed a "Motion for cease & assist order and contempt", stating that Keck should be held in contempt because he continued to e-mail Phernetton despite the court's directive to send filings by postal mail. Phernetton again stated that he was

prohibited from participating in discovery and that he was invoking his constitutional right to have counsel. He later filed a separate motion requesting counsel.

Phernetton filed a "Motion of Notification" on July 7, 2014, stating that Keck has not produced copies of records that he requested two months ago. Most recently, Phernetton filed a Motion for Continuance. In it, he asked that the date for his deposition, August 6, 2014, be continued because he had an appointment with the state of Indiana. Phernetton has requested a continuance of his deposition twice before. Lowell filed a response objecting to the continuance, and Phernetton filed a motion to overrule the objection. The court will now address these motions in turn.

## Discussion

Lowell first moves to strike several of Phernetton's filings. Motions to strike are generally disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. ***Heller Financial, Inc. v. Midwhey Powder Co., Inc.***, 883 F.2d 1286, 1294 (7th Cir. 1989); ***Doe v. Brimfield Grade School***, 552 F. Supp. 2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. ***Talbot v. Robert Matthews Distrib. Co.***, 961 F.2d 654, 665 (7th Cir. 1992).

Lowell argues that many of Phernetton's filings do not request any relief, cannot be construed as motions, and serve no purpose. **Federal Rules of Civil Procedure 7** states:

Motions and Other Papers.

> (1) In General. A request for a court order must be made by motion. The motion must:
> (A) be in writing unless made during a hearing or trial;
> (B) state with particularity the grounds for seeking the order; and
> (C) state the relief sought.

Motions must include support and request some cognizable relief so that they may be ruled upon by the court. ***Sabbia v. Comm'r of Soc. Sec. Admin.***, 669 F. Supp. 2d 914, 920 (N.D. Ill. 2009) ("Even *pro se* litigants . . . must expect to file a legal argument and some supporting authority. A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point. We will not do his research for him.") (*quoting* ***Mathis v. New York Life Ins. Co.***, 133 F.3d 546, 548 (7th Cir. 1998)).

Phernetton filed several documents entitled "Docket Statement". *See* DE 3, 5, and 14. In Docket Entry 3, Phernetton gave his rendition of the facts and his past interactions with Lowell. The "Docket Statement" did not state with particularity the grounds for seeking an order, nor did it state the relief sought. Because the document did not request any type of relief, the court will not construe it as a motion. Only pleadings, motions, supporting memoranda or responses, and discovery requests and responses should be filed. Phernetton's Docket Statement is none of these and therefore is **STRICKEN**.

Similarly, Phernetton filed a Docket Statement on January 3, 2014, and another on January 10, 2014, that again failed to request any relief. In both, he discussed things that have occurred in conjunction with his Social Security claim and interactions he has had with Lowell. Phernetton has informed the court that he had a disability hearing and that Lowell refused to turn over his employee file. He summarized the testimony at the hearing and stated his objections. He also attached several exhibits, many of which were related to his Social Security claim. Phernetton did not ask this court to take any action, and even if the court construed this filing as a motion to compel production of his employee report, this was not the appropriate forum to

enforce discovery in his Social Security case. The Social Security proceedings are separate and distinct from this matter. If Phernetton desires to review his employee file for use in this matter, he must serve a Request for Production of Documents on Lowell and file it with this court. *See* **Rule 34** (explaining the procedure for requesting production of documents); **Northern District of Indiana Local Rule 26-2** (explaining that all discovery material must be filed in cases involving a pro se party). If Lowell then refuses to turn it over, Phernetton then may file a motion to compel after he has attempted to resolve the dispute amicably with Lowell. *See* **Federal Rule of Civil Procedure 26 & 37; Northern District of Indiana Local Rule 37-1**. The court will then consider whether discovery of his employee file is relevant to this matter and subject to discovery in light of any objections Lowell may raise. Because Phernetton has failed to request any cognizable relief, the court will not construe these "docket statements" as motions. The court **GRANTS** Lowell's motion to strike DE 4 & 5.

Phernetton's Docket Statement [DE 14] does request some relief in that he asks for a court appointed attorney. Phernetton also filed a separate motion for a court appointed attorney, and this request is duplicative. *See* DE 45.

In this same docket statement, Phernetton has accused Keck of perjury and lying to the court. To the extent Phernetton is seeking sanctions, this is unfounded. Phernetton based his accusations on Keck's statement that Phernetton was not represented by an attorney. However, Keck was correct that Phernetton was not represented by an attorney in this matter. No attorney has entered an appearance on his behalf, and Phernetton has acknowledged as much by requesting that the court appoint an attorney to represent him.

Phernetton also has stated that Keck has refused to prove the Medicare lien. It appears

that the parties may have reached a tentative settlement agreement in one of Phernetton's other cases pending against Lowell that is dependent on whether Medicare has a lien. This is beyond the scope of this litigation. Even assuming that the parties discussed a settlement on Phernetton's discrimination claims in this matter, the court cannot compel Lowell to settle the claim. It is within Lowell's discretion to deny settlement and put off discovery of any potential lien. The court will not interfere until Phernetton proves his claim, either through summary judgment or at trial, and obtains a judgment against Lowell. The parties are still in the discovery phase and neither must "prove" anything at this stage. Phernetton's Docket Statement [DE 14] requests no viable relief and has no probative value, and therefore is **STRICKEN.**

Phernetton's Docket Statement [DE 20] appears to be a response to Lowell's Federal Rules of Civil Procedure 26(f) report. The purpose of this report is to propose case management deadlines for the court to consider at the Rule 16 scheduling conference. The report is to be completed together by the parties. The attachments show that Keck advised Phernetton as to how a Report of Parties Planning Meeting was to be conducted and suggested dates. Phernetton replied that Keck should not contact him and that all correspondence should be sent to Bruce Carr, his attorney. Carr has not entered an appearance and is not representing Phernetton in this matter. The Docket Statement attachments also show that Phernetton threatened to call the police on Keck for "cybertrespass" for sending email attachments as a courtesy to Phernetton. Phernetton should have corresponded with Keck, and he is advised that it is appropriate for Keck to contact him in the future because he is unrepresented. In any case, it was unnecessary to respond to the Rule 26(f) report, Phernetton did not respond to the proposed dates, and the court already has set deadlines. Because it has no probative value, the court **STRIKES** DE 20.

Lowell also moves to strike Phernetton's Response to Admit [DE 22] and Response to Deposition and Admit [DE 23]. In these documents, Phernetton stated the reasons why he believed that he couldnot submit to a deposition and stated that he would answer some of Lowell's requests for admissions. Phernetton then stated only that he was employed by McDonald's. Although Phernetton's excuses for complying with discovery were invalid, as will be discussed in conjunction with Lowell's motion to compel, these document did have some probative value in that they served as responses to Lowell's discovery requests. Therefore, the court **DENIES** Lowell's motion to strike DE 22-23.

Lowell next moves to strike Phernetton's Motion of Doctor Statements [DE 29], Motion of Conflict of Interest [DE 30], and Motion of Additional Plaintiffs and Legal Proceedings [DE 31]. However, the court already has ruled on and denied these motions. The court **DENIES** Lowell's request to strike these documents.

On May 6, 2014, Phernetton filed a "Response to Motion and Request of Copies". In it, Phernetton first responded to Lowell's Rule 26(a) initial disclosures. Rule 26(a) initial disclosures simply serve to put the opposing side on notice of the potential witnesses and evidence, and it does not warrant a response.

Phernetton then complains that Lowell has not produced his employee record in conjunction with his Social Security and Workers' Compensation claims, and he asks the court to advise Lowell that he needs a printout of his scheduled work hours. It is not clear from Phernetton's filing whether he made a formal request in this matter from Lowell to produce the documents sought, and a review of the docket does not does not show that such a request was made. As explained above, Phernetton must make a formal request for production of documents,

attempt to resolve any disputes with Lowell, and then may file a motion to compel if Lowell refuses to turnover documents that are relevant to this matter and not Phernetton's other pending cases. To the extent Phernetton intended for this document to be a motion to compel, he has not complied with Federal Rule of Civil Procedure 26 or 37, and the court **STRIKES** DE 32.

Lowell also requests that the court strike the "Motion of Response to Defendant Counsel" [DE 33]. This document also appears to be in response to Lowell's initial disclosures. Phernetton again stated the reasons he believed he could not comply with discovery and failed to request any relief. This motion fails to comply with Rule 7, and is **STRICKEN.**

The court *sua sponte* **STRIKES** the Motion for Continuance and Medical Reports [DE 39] and Phernetton's Motion of Notification [DE 48]. In the first, Phernetton recited his same excuses for failing to comply with discovery and requested no relief, and in the later he stated that there were offices investigating the court's prejudice against him. Neither document requested relief nor complies with Rule 7.

Lowell also filed a Motion to Compel [DE 35], asking the court to direct Phernetton to provide his initial disclosures and tender responses to the Defendant's First Set of Interrogatories, First Set of Production Requests, and First Set of Requests to Admit. A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.,*** 206 F.R.D. 615, 619 (S.D. Ind. 2002)(quoting

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.Ed.2d 253

(1978)). Even when information is not directly related to the claims or defenses identified in the

pleadings, the information still may be relevant to the broader subject matter at hand and meet

the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, *1 (N.D.

Ind. June 8, 2009) (citing *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502

(S.D. Ind. 2003)); *see also Adams v. Target*, 2001 WL 987853, *1 (S.D. Ind. July 30,

2001)("For good cause, the court may order discovery of any matter relevant to the subject

matter involved in the action."); *Shapo v. Engle*, 2001 WL 629303, *2 (N.D. Ill. May 25,

2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond

to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil**

**Procedure 37(a)(2)-(3)**. The burden "rests upon the objecting party to show why a particular

discovery request is improper." *Gregg v. Local 305 Ibew*, 2009 WL 1325103, *8 (N.D. Ind.

May 13, 2009)(citing *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-

50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, *3 (N.D. Ind. May

13, 2009)(internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond*

*Professional Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal

citations omitted). The objecting party must show with specificity that the request is improper.

*Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(citing *Graham v.*

*Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by

"a reflexive invocation of the same baseless, often abused litany that the requested discovery is

vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (citing ***Burkybile v. Mitsubishi Motors Corp.***, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." ***Berning v. UAW Local 2209***, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(examining ***Patterson v. Avery Dennison Corp.***, 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted). *See also* ***Hunt v. DaVita, Inc***., 680 F.3d 775, 780 (7th Cir. 2012)(explaining that the district court has broad discretion in supervising discovery).

Both in his response to Lowell's motion to compel and in many of his other filings, Phernetton has raised numerous objections to Lowell's discovery requests. Phernetton first claimed that he did not need to respond to Lowell's discovery requests because he was prohibited from doing so under the Social Security Act. Phernetton does have a Social Security case pending, but that in no way absolves him of his duty to comply with discovery in this matter. The Social Security Act provides benefits for disability and has no bearing on his claim for discrimination. The Federal Rules of Civil Procedure permit discovery of all information that is likely to lead to relevant, admissible evidence and that is not subject to a privilege, such as the attorney-client privilege. The Social Security Act creates no such privilege.

To the extent Phernetton is seeking to keep his medical records from being made part of this record, he may request that they be kept under seal by filing a protective order, but in any case, he must respond to the discovery requests and turnover the requested information to

defense counsel.  Phernetton has injected his health into this case by the issues he raised, namely his claim under the American's with Disabilities Act, and the defendants are entitled to review his medical records.

Likewise, Phernetton claims that he cannot respond to the discovery requests because of his ongoing Workers' Compensation claim.   The Indiana Worker's Compensation Act "provides the exclusive remedy against employers for employees who suffer injuries arising out of and in the course of employment." **Ind. Code § 22–3–2–6.** *See also **Ebea v. G & H Diversified***, 606 F. Supp. 2d 916, 921 (S.D. Ind. 2009).  This matter involves Phernetton's claims for discrimination under Title VII and the ADA and is distinct from his Workers' Compensation claim.  If it was not, the court would lack jurisdiction.  Like the Social Security Act, the Indiana Workers' Compensation Act does not create a privilege and does not negate his duty to comply with the federal rules of discovery and to respond to Lowell's discovery requests.  Rather, he must respond to all non-privileged, relevant discovery requests or risk sanctions.  *See* **Federal Rule of Civil Procedure 37**.

Phernetton also claims that he is absolved from responding to the discovery requests because they violate the Health Insurance Portability and Accountability Act (HIPAA).  HIPAA also does not apply to this case.  "The HIPAA provisions do not create a privilege against production or admission of evidence; they merely create a procedure for obtaining protected medical record in litigation." ***U.S. ex rel. Camillo***, 233 F.R.D. at 522. *(citing **Northwestern Memorial Hospital v. Ashcroft**, 362 F.3d 923, 925–926 (7th Cir. 2004); see also **Federal Rules of Evidence 501**).  HIPAA prevents medical providers from turning over medical records but does not stop Phernetton from doing so.  In fact, Phernetton must turn them over because he has

injected his medical condition as an issue in this case. Again, Phernetton's medical records may be kept under seal on the court's docket, but he must provide them to defense counsel.

Phernetton also complains that Lowell first must prove that there is a Medicare lien before he must comply with discovery. As explained above, Lowell does not need to prove that there is a lien for multiple reasons. First, this case only is in the discovery stage, and it is at this stage that parties are to gather evidence to support their positions. Neither party must prove any part of its claim or defense at this stage. Second, the lien is not relevant. Before the lien would become a concern in this matter, Phernetton must establish that he was discriminated against and obtain a judgment against Lowell. Phernetton claims that Lowell previously agreed to settle. The court is not certain whether Phernetton is claiming that Lowell intended to settle this matter or another one of his pending cases. The court cannot compel Lowell to produce something related to another matter. Even if the parties did discuss settlement on the claims raised in this case, the court cannot compel Lowell to settle. It is within Lowell's discretion to decline to settle until it is able to resolve whether Medicare does have a lien. In any case, the lien does not bear on Phernetton's duty to participate in discovery of his substantive claims for discrimination.

Phernetton also asserts that Lowell's other discovery requests have been responded to and are exhibits on the court's docket. However, his responses are not complete. For example, Phernetton responded in Docket Statement [DE 22] that McDonald's was his only place of employment during the time period in which Lowell requested, but he did not respond to the other requests for admission. This is not sufficient. Phernetton must respond to every discovery request, either with a substantive answer or a valid objection. (Phernetton is reminded that the Social Security Act, Constitution, Workers' Compensation Act, and Medicare lien are not valid

objections.)  It also must be clear from his response which discovery request he is responding to and which discovery requests the documents he provides are responsive of.

Phernetton's responses are overdue, and he has not provided a valid explanation for his failure to respond.  Discovery is not optional.  Phernetton has not satisfied his burden to show why Lowell's discovery requests are improper.  Phernetton must provide his responses to Lowell's Requests to Admit, Interrogatories, and Request for Production within 14 days. Phernetton is advised that failing to comply with discovery may result in sanctions. *See* **Federal Rule of Civil Procedure 37** (explaining the possible sanctions for failing to comply with discovery).

Lowell also asks the court to compel Phernetton to provide his Initial Disclosures.  Rule 26(A)(1) states that

> a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> > (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

Phernetton has not provided Lowell with his initial disclosures as required by Rule 26(a) and has not provided a valid explanation.  Phernetton is **DIRECTED** to file with this court and

provide Lowell with his initial disclosures setting forth the information stated above within 14 days of this Order.

Lowell asks the court to consider the statements contained in its request for admissions as admitted because Phernetton did not respond timely. Federal Rule of Civil Procedure 36(a)(3) states:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Rule 36 does not provide any exceptions for failing to provide answers. *Pro se* litigants are not exempted from complying with the rules, and Phernetton has not provided any explanation for his failure to respond. However, in light of his attempt to respond to some of the admissions and his misunderstanding of his obligation to participate in discovery, the court **DENIES** Lowell's motion. Phernetton is **DIRECTED** to provide answers to Lowell's Request to Admit within 14 days and is **WARNED** that failure to respond will result in the statements being deemed admitted.

Lowell has requested its costs and fees associated with bringing this motion. **Federal Rules of Civil Procedure 37 (a)(5)(A)** states:

> If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

In this case, assigning costs and fees to Phernetton would be unjust. He is acting *pro se*, and as such, he is unfamiliar with the rules of procedure. Phernetton misunderstood his obligations. He now has been advised of his obligation to comply with discovery and the fact that he is not relieved of his obligation to participate in discovery because of his other pending litigation or any other federal or state law. Any future misconduct necessitating a motion to compel may result in a sanction as the court sees appropriate.

Phernetton also filed a "Motion for relief & response to motion by defendant" [DE 25]. In it, he stated that he is asking for relief under Trial Rule 56(a) and stated the damages he was seeking. Federal Rule of Civil Procedure 56(a) states that a party may move for summary judgment and obtain a judgment in his favor if that party is able to show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Beyond stating that he is seeking judgment and stating his damages, Phernetton has not shown how Lowell has violated either the ADA or Title VII. To do so, Phernetton would need to explain the acts Lowell took to discriminate against him in his employment and would need to attach evidence to establish that Lowell did in fact behave as he claims. Absent such evidence, Phernetton's motion [DE 25] is **DENIED.**

Phernetton also filed a document entitled "Motion for cease & assist order and contempt" [DE 43]. Phernetton first informed the court that Keck continued to e-mail him despite being instructed by the court to send documents via postal mail. Keck was sending the documents both by e-mail and postal mail as a courtesy to Phernetton, but he has agreed to quit sending the

16

courtesy e-mail.

In this same document, Phernetton asks the court to compel Lowell to prove that there is a Medicare lien, but as explained above, Lowell is not required to do so.

Finally, Phernetton states that Lowell has not provided him with forms, documents, and paperwork that he requested at the beginning of the month. It is not clear what documents Phernetton is referring to. If he would like to conduct discovery, he must make a formal request for production of documents to Lowell and file the same with this court. If Lowell does not respond within the time frame permitted by Federal Rule of Civil Procedure 34, Phernetton then may move to compel production, identifying the specific documents he seeks. For these reasons, Phernetton's motion [DE 43] is **DENIED**.

The court will now discuss Phernetton's request for counsel. A party has no constitutional or statutory right to counsel in this civil case. *See **Brown v. United States***, 74 Fed. Appx. 611, 614 (7th Cir. 2003); ***Zarnes v. Rhodes***, 64 F.3d 285, 288 (7th Cir. 1995) (*citing **Jackson v. County of McLean***, 953 F.2d 1070, 1071 (7th Cir. 1992)). However, 28 U.S.C. § 1915(e) provides

> The court may request an attorney to represent any person unable to afford counsel...[and] shall dismiss the case at any time if the court determines that: the allegation of poverty is untrue; or the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

The decision of a district court to appoint counsel is reviewed for an abuse of discretion. ***Weiss v. Cooley***, 230 F.3d 1027, 1034 (7th Cir. 2000); ***Jackson***, 953 F.2d at 1071-1072. The court abuses its discretion if "[d]enying a request for counsel . . . 'would result in fundamental unfairness infringing on due process rights.'" ***Gil v. Reed***, 381 F.3d 649, 657 (7th Cir. 2004)

(*quoting **Jackson***, 953 F.2d at 1071-72).

In determining whether counsel should be appointed, the court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." ***Pruitt***, 503 F.3d at 654-55 (citing ***Farmer v. Haas**,* 990 F.2d 319, 321-22 (7th Cir. 1993)). *See also **Gruenberg v. Kingsland**,* No. 13-1218, 530 Fed. Appx. 583, 584 (7th Cir. 2013) (explaining that the court only had to consider whether, given the complexity of the issues, the plaintiff was competent to litigate the case).

Here, Phernetton has not provided a list of law firms which he has contacted in an attempt to obtain counsel himself. Phernetton's motion can be denied on those facts alone. However, even if he was able to satisfy the first prong, the court's inquiry proceeds to the second prong, which has been clarified:

> The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff[.] . . . Rather the question is whether the difficulty of the case factually and legally exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

***Pruitt****,* 503 F.3d at 655 (internal footnote, quotation, and citation omitted). *See also **Gruenberg***, No. 13-1218, 530 Fed. Appx. at 584. The court may take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" as well as other relevant and practical information such as "intellectual capacity and psychological history."

*Pruitt*, 503 F.3d at 655.   Any evidence given in support of the request for counsel, as well as that gleaned from the available pleadings and other case communication at the time, should be reviewed and considered.  *Pruitt*, 503 F.3d at 655.

Here, the docket reflects that Phernetton is literate and coherent.  His handwritten complaint and motions are legible and understandable.  The nature of the claims put forth are simple and straightforward: It is clear that Phernetton is alleging Title VII and American's with Disabilities Act violation.  The court finds that he is not entitled to an appointed counsel.

On July 23, 2014, Phernetton filed a motion asking the court to continue the date on which Lowell scheduled his deposition because he had an appointment with the State of Indiana. Phernetton has requested three prior continuances.  In many of his filings, Phernetton stated that he could not submit to a deposition because he would not commit perjury and that he was protected under the ADA, HIPAA, Social Security Act, and the Fifth Amendment of the United States Constitution.  To the extent Phernetton is seeking a protective order from participating in a deposition, his request is unfounded.  The court already has explained that Phernetton's extrinsic ongoing claims against Lowell do not negate his duty to participate in discovery in this matter. The Social Security Act, Indiana Workers' Compensation Act, and HIPAA do not exempt him from his obligation to participate in discovery in this matter.  Moreover, discovery is part of every case raised under the American's with Disabilities Act.  Defendants are entitled to discover information so that they may defend claims filed against them.  If Phernetton needs some accommodations during his deposition due to his medical conditions, such as additional breaks, such can be arranged with defense counsel.

Turning to Phernetton's claim that he has a right to counsel under the Constitution before

submitting to a deposition, the right to counsel only attaches in criminal cases.  As explained above, Phernetton is not entitled to counsel in this case.   Phernetton's other repeated excuse is that he will not submit to a deposition because he will not commit perjury.   Phernetton only would commit perjury if he were to lie during his deposition.  Federal Rule of Civil Procedure 30 allows parties to conduct depositions as one method of discovery.  Phernetton cannot avoid the deposition because he fears that he will commit perjury.  Phernetton must submit to a deposition and give truthful statements.

Lowell served Phernetton a notice stating that the deposition would take place on August 6, 2014.  If Phernetton did not submit to the deposition on this date, he is **DIRECTED** that he must submit to a deposition by September 22, 2014, as will be arranged by Lowell.  Phernetton is again **ADVISED** that failure to comply may result in sanctions.  *See* **Federal Rule of Civil Procedure 37.**

Phernetton also filed a separate motion to overrule Lowell's objection.  The court construes this as a reply to his motion to continue and **DIRECTS** the clerk to amend the docket to reflect as much.

Based on the foregoing reasons, the Plaintiff's Motion for Relief and Response to Motion by Defendant [DE 25] is **DENIED**; the Motion of Response to Defendant Counsel [DE 33] is **STRICKEN**; the Defendant's Motion to Compel [DE 35] is **GRANTED**; the Motion to Strike Certain of Plaintiff's Filings [DE 36] is **GRANTED IN PART and DENIED IN PART**; the Defendant's Motion to Deem Defendant's Request to Admit as Admitted Against Plaintiff [DE 37] is **DENIED**; the Motion for Continuance and Medical Reports [DE 39] is **STRICKEN**; the Motion for Cease and Desist and Contempt [DE 43] is **DENIED**; the Motion to Appoint Legal

Counsel [DE 45] is **DENIED**; the Motion of Notification [DE 48] is **STRICKEN**; and the

Motion to Continue [DE 50] is **DENIED**.  The court **STRIKES** DE 3-5, 14, 20.   The court

**DIRECTS** the clerk to amend the docket to show that the Motion to Overrule Defense Objection

[DE 53] is a response brief.

ENTERED this 12th day of August, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge