IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC PHERNETTON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    2:13-cv-487 |
| | ) |
| McDONALD'S | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

This matter is before the court on the Motion to Dismiss Or, In the Alternative, to Compel and to Enforce and for Sanctions [DE 61] filed by the defendant, Lowell, Inc. (incorrectly sued as McDonald's), on September 4, 2014, and the Petition for Partial Relief From the Court's August 12, 2014 Order [DE 67] filed by the plaintiff, Eric Phernetton, on September 24, 2014. For the following reasons, the Motion to Dismiss Or, In the Alternative, to Compel and to Enforce and for Sanctions [DE 61] is **GRANTED IN PART and DENIED IN PART,** and the Petition for Partial Relief From the Court's August 12, 2014 Order [DE 67] is **GRANTED.**

*Background*

Throughout the discovery process, the parties have struggled to work together. On March 25, 2014, Lowell's counsel, Jason D. Keck, attempted to speak with the plaintiff, Eric Phernetton, regarding the parties' Federal Rules of Civil Procedure 26(f) report. Phernetton refused to respond substantively to Keck. On April 1, 2014, Lowell served its First Set of Interrogatories, First Set of Requests to Admit, and First Set of Production Requests upon

1

Phernetton. On April 9, 2014, Phernetton filed a "Response to Admit" in which he stated that he would "give some of a little of answer" to Lowell's Request to Admit. Phernetton admitted to Lowell being his only place of employment during the specified time frame. He further stated that he elected not to be deposed. Phernetton explained that he would not respond to the discovery requests or submit to a deposition because he was prohibited under the Health Insurance Portability and Accountability Act (HIPAA), the Social Security Act, the Constitution, and federal tax laws. He also claimed that he would commit perjury if he was required to submit to a deposition.

Prior to August 6, 2014, Lowell had twice noticed Phernetton's deposition. Phernetton refused to respond and canceled at the last minute. On July 3, 2014, Keck sent Phernetton an e-mail asking Phernetton to provide dates that he was available for a deposition to take place in Hammond, Indiana. Keck advised Phernetton that if he failed to appear or failed to answer, he would file a motion asking the court to dismiss his claim. Phernetton responded with the above stated reasons for being unable to attend the deposition. Keck unilaterally selected August 6, 2014 to conduct Phernetton's deposition and served him notice of the date. Phernetton responded that he could not attend and filed a motion to continue his deposition. The court did not rule on Phernetton's motion by August 6, 2014. Lowell refused to reschedule the deposition and instructed Phernetton to appear.

Phernetton did appear at his deposition on August 6, 2014 but refused to answer several questions. After approximately one hour, Phernetton informed Lowell's counsel that he was declaring the deposition over. Lowell's counsel warned Phernetton that if he terminated the deposition without cause he would file a motion asking that the case be dismissed due to Phernetton's continued refusal to cooperate in discovery. Phernetton left and filed a document

entitled "Response to Deposition" on August 8, 2014. In it, he stated that he elected to stop his deposition due to the questions Keck was asking. He complains that the questions were irrelevant and that Keck had not provided him with evidence showing that there is a Medicare lien.

On August 12, 2014, the court ruled on the motions Lowell filed concerning the problems the parties were facing during discovery. The court instructed Phernetton that his objections were meritless, that he must provide responses to Lowell's discovery requests or raise a valid objection, and that he must submit to a deposition. Specifically, the court explained that the Medicare lien was not relevant to this action. The court gave Phernetton 14 days to provide responses to Lowell's Requests to Admit, Interrogatories, and Request for Production and advised Phernetton that failure to comply with discovery may result in sanctions. Phernetton also was directed to provide his initial disclosures by this date. As of the date Lowell filed the present motion, September 4, 2014, Phernetton had not served his responses to Lowell's first set of discovery and had failed to provide his initial disclosures. Phernetton filed a response to Lowell's motion, stating that Lowell did not try to re-schedule his deposition and that he will attend another deposition and have other witnesses present.

On September 24, 2014, Attorney Benjamin Fryman entered an appearance on behalf of Phernetton and filed a motion for partial relief of the court's August 12, 2014. In it, Phernetton asks for an additional 30 days to respond to the outstanding discovery requests.

*Discussion*

Federal Rule of Civil Procedure 37(b)(2) gives the court authority to sanction a party for failing to comply with a court order and states in relevant part:

(2) Sanctions in the District Where the Action Is Pending.
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>> (iii) striking pleadings in whole or in part;
>> (iv) staying further proceedings until the order is obeyed;
>> (v) dismissing the action or proceeding in whole or in part;
>> (vi) rendering a default judgment against the disobedient party; or
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The authority to sanction a non-compliant party also arises from the court's inherent power to manage its cases and achieve orderly disposition. *See* ***Chambers v. NASCO, Inc.,*** 501 U.S. 32, 44, 47,111 S.Ct. 2123, 2132, 2134, 115 L.Ed.2d 27 (1991) (explaining that the court has broad inherent powers to sanction a party)*;* ***Barnhill v. United States***, 11 F.2d 1360, 1367 (7th Cir. 1993).

The court should consider several factors when determining which sanctions to employ, including: "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." ***Rice v. City of Chicago***, 333 F.3d 780, 784 (7th Cir. 2003) (citing ***Williams v. Chicago Bd. of Educ.***, 155 F.3d 853, 857 (7th Cir. 1998)). The court commits a legal error if it dismisses a suit after the first problem without exploring alternatives or explaining why alternative sanctions would not be worthwhile. ***Sroga v. Huberman***, 722 F.3d

980, 982 (7th Cir. 2013). The sanctions must be proportional to the party's misconduct. ***Collins v. Illinois,*** 554 F.3d 693, 696-98 (7th Cir. 2009). The court measures this by weighing the proposed sanctions against the egregiousness of the party's conduct. ***Barnhill***, 11 F.3d 1368.

Dismissal is the most severe sanction and generally is applied only when a party has displayed exceptional misconduct or when less drastic sanctions have proven unavailing. ***Domanus v. Lewicki,*** No. 13-2435, 2014 WL 408723, * 8 (7th Cir. Feb. 4, 2014); ***Sun v. Board of Trustees***, 473 F.3d 799, 811 (7th Cir. 2007) (explaining that the Seventh Circuit has a well established policy of favoring trial on the merits over default judgments); ***Maynard v. Nygren***, 332 F.3d 462, 467-468 (7th Cir. 2003); ***Danis v. USN Communications, Inc***., 2000 WL 1694325, 33-34 (N.D. Ill. Oct. 23, 2000) ("Because a default judgment deprives a party of a hearing on the merits, the harsh nature of this sanction should usually be employed only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party") (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 209, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (explaining that a party should be sanctioned with dismissal only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party)). When considering whether to employ this sanction, the court must "weigh not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled over the course of the lawsuit." ***Domanus,*** 2014 WL 408723 at *8. The court first must consider whether less severe sanctions will remedy the damage. ***Marrocco v. General Motors***, 966 F.2d 220, 223-224 (7th Cir. 1992).

The Seventh Circuit has employed two different standards for determining whether dismissal is an appropriate sanction. When assessing dismissal for want of prosecution or the

5

failure to comply with a court order, the court must consider whether there has been a clear record of delay or contumacious conduct or whether less drastic sanctions have been unavailing. *Domanus,* 2014 WL 408723 at *8; *Maynard*, 332 F.3d at 468-469; *Large v. Mobile Tool International, Inc*., 2008 WL 2116967, *7 (N.D. Ind. 2008) ("[C]ontumacious conduct merits strong sanctions, and when the court uses its inherent power to root out contumacious conduct, no showing of willfulness, bad faith, fault or even prejudice is required."). "A slightly different requirement– a finding of willfulness, bad faith or fault–comes into play when dismissals are used specifically as a discovery sanction under Fed.R.Civ.P. 37." *Maynard*, 332 F.3d at 468-469 (citing *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Langley v. Union Electric Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1046-47 (7th Cir. 2000) (requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the court)). "That is, even without 'a clear record of delay, contumacious conduct or prior failed sanctions,' a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate." *Maynard*, 332 F.3d at 468. *See also*, *Melendez v. Illinois Bell* Co., 79 F.3d 661, 671 (7th Cir. 1996) ("Sanctions are proper upon a finding of wilfulness, bad faith, or fault on the part of the noncomplying litigant.").

Bad faith is "conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order." *Marrocco*, 966 F.2d at 224; *Maynard*, 332 F.3d at 470 (explaining that bad faith is exhibited where a party fails to comply with a court order or provides false or misleading responses). Similarly, fault does not mean the party's subjective motivation, but rather "the reasonableness of the conduct—or lack thereof— which eventually

6

culminated in the violation." ***Marrocco***, 966 F.2d at 224; ***Langley***, 107 F.3d at 514. The Seventh Circuit requires clear and convincing evidence of the discovery abuse to justify a default judgment because of the harsh nature of the penalty and the court's policy of favoring trial on the merits. ***Maynard***, 332 F.3d at 468 ("[C]onsidering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."); ***Larson v. Bank One Corp***., 2005 WL 4652509, *9 (N.D. Ill. August 18, 2004) (explaining that a default judgment requires clear and convincing evidence of the sanctionable conduct, although an issue-related sanction requires only a preponderance of the evidence).

Phernetton continuously has displayed an unwillingness to participate in discovery. Although the court did not explain the reasons his objections were meritless until the August 12, 2014 Opinion and Order, *pro se* litigants are not excused from knowing their obligations under the Federal Rules of Civil Procedure. "As a *pro se* litigant, [a] [p]laintiff is permitted a more lenient standard with respect to her pleadings than that imposed on a practicing attorney." ***Cintron v. St. Gobain Abbrassives, Inc***., 2004 WL 3142556, * 1 (S.D. Ind. Nov. 18, 2004). The court recognizes that *pro se* litigants face special challenges that litigants represented by counsel do not, however, *pro se* litigants are not excused from following procedural rules simply because the "rules of procedure are based on the assumption that litigation is normally conducted by lawyers." ***Lee v. Wal-Mart Stores***, 1994 WL 899240, * 1 (N.D. Ind. Apr. 12, 1994). The ***Lee*** court explained,

> [the court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict

7

adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*Lee*, 1994 WL 899240 at *1 (quoting **Mohasco Corp. v. Silver**, 447 U.S. 807, 826, 100 S. Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)).

At the Rule 16 preliminary pretrial conference, the court explained the discovery process to Phernetton. He was advised that both parties had the right to serve interrogatories, requests for admissions, and requests for documents, and that the receiving party must provide written responses. The court also told Phernetton that both sides had the right to take depositions but that the deposing party would bear the cost of hiring a court reporter. The record also is clear that on multiple occasions Lowell's counsel informed Phernetton of his obligations to comply with discovery and the possible sanctions of failing to do so. Yet, Phernetton did not heed these warnings and continuously refused to provide discovery responses except those that he determined were relevant and should be responded to. The discovery rules do not permit a party to decide unilaterally which discovery requests should be responded to. Rather, a party must raise a valid objection if he believes that a discovery request is not proper. Phernetton did not do this on any occasion. Rather, he repeatedly cited to Acts that were irrelevant to the present litigation and complained that Lowell had not provided evidence of a lien. Even if Lowell was required to provide such "evidence", this does not relieve Phernetton of his obligation to comply with discovery. The court would not accept such excuses for complying with discovery from a represented party, and although Phernetton should be given some leeway for his then *pro se* status, the court cannot overlook that Phernetton was obligated to comply with the federal rules and engage in the discovery process and that his failure to cooperate resulted in expense to Lowell.

The court might be willing to assume that Phernetton did not understand that his objections to the written discovery were invalid until the court explained as much in its August 12, 2014, except that Phernetton also failed to comply with discovery following the court's directive to provide responses by August 26, 2014. Moreover, the record is clear that Phernetton was unwilling to work with Lowell's counsel even on matters that are not subject to objections, such as agreeing to dates for the parties' planning report, providing initial disclosures, and selecting dates for his deposition. Phernetton also was aware from both the court informing him at the Rule 16 preliminary pretrial conference and from Lowell's counsel that both parties had the right to take depositions. Yet, instead of raising objections, he walked out of his deposition.

At this stage, Lowell has demonstrated that Phernetton has engaged in bad faith conduct deserving of sanctions. He repeatedly failed to answer the discovery requests, did not work with Lowell's counsel, and ignored the court's order to provide discovery responses. Discovery is a vital part of the litigation process, and without it Lowell would be deprived of the information it needs to prepare its defense. Since the court issued its August 12, 2014 Opinion and Order, Phernetton has obtained counsel, and the court is hopeful that this will alleviate the ongoing discovery problems. For this reason, the court will fire one final warning shot before dismissing Phernetton's case. However, this should not leave Lowell without redress for the costs it has incurred as a result of Phernetton's unwillingness to cooperate.

Due to his failure to respond, any objections Phernetton has to Lowell's interrogatories and requests for production are considered waived, and he must respond fully to each and every request within fourteen days. *See* **Rule 33(b)(4)** (explaining that any ground for objecting to an interrogatory not stated timely is waived). The statements he did not respond to in Lowell's request for admissions are deemed admitted. *See* **Rule 36(a)(3)** (explaining that a matter is

deemed admitted if the party to whom the request is directed does not serve a response within 30 days). Phernetton must submit to a deposition in Chicago within fourteen days, as will be set by Lowell. Phernetton will be responsible for the costs associated with his second deposition and the costs Lowell incurred filing the present motion. Lowell is directed to file an affidavit setting forth those costs.

Phernetton's newly obtained counsel also seeks relief from the court's August 12, 2014 Opinion and Order, asking for additional time to respond to the outstanding discovery and to prepare Phernetton for his deposition. Lowell argues that the motion should be viewed as a motion for reconsideration and that Phernetton has not demonstrated any grounds upon which reconsideration is warranted. However, Phernetton is not seeking a change in the substance of the court's order. Rather, the motion asks for an extension of time to comply. For this reason, the court will view the request as a motion for an extension of time rather than as a motion to reconsider.

Federal Rule of Civil Procedure 16(b) provides that a schedule shall not be modified except upon a showing of good cause and by leave of the court. *See also **Campania Management Co., Inc., v. Rooks, Pitts & Poust***, 290 F.3d 843, 851 (7th Cir. 2002); ***Briesacher v. AMG Resources, Inc.***, 2005 WL 2105908 at *2 (N.D. Ind. Aug.31, 2005). Good cause sufficient for altering discovery deadlines is demonstrated when a party shows that, "despite their diligence, the established timetable could not be met." ***Tschantz v. McCann***, 160 F.R.D. 568, 571 (N.D.Ind. 1995).

Lowell's counsel pointed out that Phernetton's reasons for seeking the extension of time are not entirely valid. In the motion, Phernetton's counsel stated that he does not have copies of

the outstanding discovery. However, the discovery requests are available on the court's electronic docketing system and were available to him as of the date he entered his appearance. Regardless, Phernetton's counsel did not receive the case until after the deadline for complying with the court's order had expired. It is reasonable that Phernetton's counsel would need additional time to get caught up with the case. For this reason, the court finds that Phernetton has demonstrated good cause to extend the deadline. Phernetton must provide his discovery responses, consistent with the sanctions set forth above, within 28 days of this order.

Based on the foregoing reasons, the Motion to Dismiss Or, In the Alternative, to Compel and to Enforce and for Sanctions [DE 61] is **GRANTED IN PART and DENIED IN PART** and the Petition for Partial Relief From the Court's August 12, 2014 Order [DE 67] is **GRANTED.**

ENTERED this 22nd day of October, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge