UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC PHERNETTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:13-cv-487 |
| | ) |
| McDONALD'S, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Second Motion to Dismiss or, in the Alternative, to Enforce and for Sanctions [DE 80] filed by the defendant, Lowell, Inc. (incorrectly identified as McDonald's), on February 16, 2015. For the following reasons, the motion is **DENIED**.

*Background*

On October 22, 2014, this court granted in part and denied in part Lowell's Motion to Dismiss or, in the Alternative, to Compel and to Enforce and for Sanctions [DE 61]. Within that order, the court noted the parties' struggles throughout the discovery process. Specifically, the court explained that the plaintiff, Eric Phernetton, had displayed an unwillingness to participate in discovery by refusing to provide discovery responses, walking out of his deposition, and not following court orders. Therefore, the court fired a final warning shot before dismissing Phernetton's case and issued multiple sanctions. The court ordered him to respond to each discovery request, to submit to a deposition, and to pay for the costs associated with his second deposition and filing the First Motion to Dismiss. The order also deemed admitted any statement he did not respond to in Lowell's request for admissions. Furthermore, the court found that

Phernetton had engaged in bad faith conduct and that Lowell should not be without redress for the costs that his lack of cooperation had caused.

On November 20, 2014, Phernetton appeared for his second deposition, which lasted approximately six hours. The second deposition cost Lowell $450.00 in costs for a court-reporter attendance fee. *See* [DE 81-1]. On November 25, 2014, Lowell sent a letter to Phernetton's counsel asking him to dismiss this matter pursuant to Rule 11 and requested payment of the $450.00 in costs pursuant to the October 22, 2014 order. On December 19, 2014, Phernetton indicated that he needed additional time to respond to the Rule 11 letter and did not respond to the request for payment. Lowell then sent multiple requests for payment that went unanswered.

On January 20, 2015, Lowell sent a fifth request for payment, and Phernetton responded the following day that he was surprised by the cost and asked for the court reporter's contact information. On January 22, 2015, Lowell provided the court reporter's contact information and asked Phernetton to pay the $450.00 within one week. On February 16, 2015, the court reporter confirmed that neither Phernetton nor his counsel had attempted to contact her regarding the invoice. Additionally, Phernetton has not paid the $450.00.

Phernetton indicated that he retained pro bono counsel a few weeks before the October 22, 2014 order. Since retaining counsel, he has responded to Lowell's discovery requests, completed his deposition, and provided his initial disclosures in compliance with the October 22, 2014 order. Furthermore, he stated that his goal was to enforce a settlement agreement that took place in November 2013 and that he tendered discovery to Lowell regarding that issue. Phernetton stated that he was indigent, could not afford any payments towards the sanctions award, and qualified for pro bono counsel through the NWI Volunteer Lawyers, Inc. He also

indicated that he has been unemployed since before 2013 and has Social Security Disability income of $567.00 per month.

*Discussion*

Federal Rule of Civil Procedure 41(b) provides that "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal is the most severe sanction and generally is applied only when a party has displayed exceptional misconduct or when less drastic sanctions have proven unavailing. **Domanus v. Lewicki**, 742 F.3d 290, 301 (7th Cir. 2014); **Sun v. Bd. of Trs. of the Univ. of Ill.**, 473 F.3d 799, 811 (7th Cir. 2007) (explaining that the Seventh Circuit has a well-established policy of favoring trial on the merits over default judgments); **Maynard v. Nygren**, 332 F.3d 462, 467–68 (7th Cir. 2003); **Danis v. USN Commc'ns, Inc.**, 2000 WL 1694325, at *33–34 (N.D. Ill. Oct. 23, 2000) ("Because a default judgment deprives a party of a hearing on the merits, the harsh nature of this sanction should usually be employed only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party.") (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 209, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958) (explaining that a party should be sanctioned with dismissal only in extreme situations where there is evidence of willfulness, bad faith, or fault by the noncomplying party)). When considering whether to employ this sanction, the court must "weigh not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled over the course of the lawsuit." **Domanus**, 742 F.3d at 301. The court first must consider whether less severe sanctions will remedy the damage. **Marrocco v. Gen. Motors**, 966 F.2d 220, 223–24 (7th Cir. 1992).

The Seventh Circuit has employed two different standards for determining whether dismissal is an appropriate sanction. When assessing dismissal for want of prosecution or the failure to comply with a court order, the court must consider whether there has been a clear record of delay or contumacious conduct or whether less drastic sanctions have been unavailing. *Domanus*, 742 F.3d at 301; *Maynard*, 332 F.3d at 468–69; *Large v. Mobile Tool Int'l, Inc.*, 2008 WL 2116967, at *7 (N.D. Ind. May 20, 2008) ("[C]ontumacious conduct merits strong sanctions, and when the court uses its inherent power to root out contumacious conduct, no showing of willfulness, bad faith, fault or even prejudice is required.").

Lowell has argued that the court should dismiss Phernetton's case because he has ignored the court's final warning by failing to comply with the October 22, 2014 order. Lowell indicated that Phernetton has failed to comply because he has not paid for the costs to conduct his second deposition. Considering the court's previous finding that Phernetton had engaged in bad faith conduct and that the court issued a final warning, Lowell claimed that his violation of the October 22, 2014 order warrants dismissal. *See Allen v. Chi. Transit Auth.*, 317 F.3d 696, 702 (7th Cir. 2003) ("A willful failure to pay . . . monetary sanctions imposed by that court strikes us as a reasonable ground for dismissing an appeal . . . . [b]ut not in this case, as there has been no determination that [appellant]'s continuing failure to pay is willful, which it is not if he simply does not have any money.").

Phernetton has claimed that he is indigent and cannot afford the $450.00 sanction. He noted that he has complied with each provision of the October 22, 2014 order except the order to pay Lowell's costs for the second deposition. Phernetton has argued that dismissal is not appropriate under the current circumstances but that the court may bar future suits by Phernetton. Additionally, he indicated that an inability to pay is a valid defense to a court order to pay

4

sanctions. *See **In re Resource Tech. Corp.***, 624 F.3d 376, 386 (7th Cir. 2010) ("Inability to pay is a valid defense in a contempt proceeding, but the party raising the defense has the burden of proving its inability to pay.").

Lowell has argued that Phernetton did not meet his burden to establish his indigence. *See **Johnson v. A.W. Chesterton Co.***, 18 F.3d 1362, 1366 (7th Cir. 1995) ("The burden is on the sanctioned party to show that he was unable to pay a reasonable award."). For example, it noted that Phernetton made baseless claims of indigence without documentary support. However, Lowell claimed that dismissal was appropriate even if Phernetton had demonstrated his indigence because his refusal to pay violated a court order. Furthermore, it claimed that this violation demonstrated that monetary sanctions were insufficient and that this matter should be dismissed because Phernetton violated this court's final warning.

It is undisputed that Phernetton violated this court's October 22, 2014 order by failing to pay Lowell's costs for the second deposition. Moreover, that violation occurred after this court issued a final warning following Phernetton's bad faith conduct. However, Phernetton also rectified the discovery issues by participating in his second deposition, answering the outstanding discovery requests, and issuing his own discovery. Additionally, Phernetton has claimed that he is indigent and cannot afford the $450.00 sanction.

In support of his claim for indigence, Phernetton indicated that he qualified for pro bono counsel through the NWI Volunteer Lawyers, Inc. However, Lowell noted that Phernetton did not claim indigence previously or request to proceed *informa pauperis*. Furthermore, he paid the $400.00 filing fee to initiate this matter on December 27, 2013. Although Phernetton has retained pro bono counsel, that fact alone does not demonstrate that he cannot afford the $450.00 sanction.

5

Phernetton also claimed that he received $567.00 per month in Social Security Disability income. He did not indicate his assets and liabilities or whether the $567.00 encompassed his entire income. He also alleged that he had not worked since before 2013 based on his November 2014 answers to interrogatories. *See* [DE 82-5]. However, Lowell indicated that Phernetton's complaint contradicted that assertion. Specifically, Phernetton alleged a work place injury at McDonald's on May 22, 2013 and that he requested a leave of absence from McDonald's on September 18, 2013. *See* [DE 1, pg. 4]. Furthermore, his claim is based on an alleged settlement that occurred on November 16, 2013, in which he agreed to resign his position at McDonald's that day. *See* [DE 1, pg. 7]. Additionally, Lowell noted Phernetton's Indiana Department of Workforce Development earnings transcript, which Phernetton filed on September 17, 2014. *See* [DE 64, pg. 3]. The transcript listed total wages of $13,751.55 from 2013 through the first quarter of 2014 from the Diocese of Gary and Modrak Investment Corporation. Therefore, the court does not find Phernetton's claim that he has been unemployed since before 2013 credible. Phernetton did not provide sufficient documentation to demonstrate his indigence but relied on bald assertions that this court has found incredible. *See* **Krumwiede v. Brighton Assocs., L.L.C.**, 2006 WL 2714609, at *4 (N.D. Ill. 2006) (finding the plaintiff's bare assertions insufficient to demonstrate an inability to pay sanctions). Therefore, he has not met his burden to show that he cannot afford the $450.00 sanction. *See* **Johnson**, 18 F.3d at 1366.

Although Phernetton has not fully complied with this court's October 22, 2014 order after issuing a final warning, the court does not find that dismissal or further monetary sanctions are appropriate at this time. Since retaining pro bono counsel, he has resolved the discovery disputes and cooperated with Lowell. Phernetton has altered his conduct since the final warning despite his failure to pay the sanction award. However, this court will enforce its October 22, 2014 order

because Lowell should not be without redress for Phernetton's past conduct.  Therefore, Phernetton is **ORDERED** to pay $75.00 per month until the $450.00 sanction is fully paid.  The payment is due the first of each month starting May 1, 2015.  Additionally, the failure to make payments may result in dismissal of Phernetton's claims.

Based on the foregoing reasons, the Second Motion to Dismiss or, in the Alternative, to Enforce and for Sanctions [DE 80] is **DENIED**.

ENTERED this 13th day of April, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge