UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC PHERNETTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) Cause No. 2:13-cv-487 |
| | ) |
| McDONALD'S, | ) |
| | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Enforce Settlement Agreement [DE 86] filed by the plaintiff, Eric Phernetton, on April 13, 2015. For the following reasons, the motion is **DENIED**.

*Background*

The plaintiff, Eric Phernetton, initiated this employment discrimination suit on December 27, 2013. Before initiating this suit, Phernetton brought his claims to the EEOC. Through an EEOC investigator, Daphne Gilmore, and an EEOC mediator, Cathy Campbell, the parties engaged in settlement discussions. The parties never discussed settlement directly.

Phernetton has alleged that Gilmore contacted him on November 18, 2013 to inform him that the defendant, Lowell, Inc., incorrectly named as McDonald's, offered to settle the case for $1,100. Phernetton indicated that he accepted the offer immediately without any conditions. However, Phernetton has claimed that Gilmore informed him the following week that Lowell had withdrawn its offer and would not make the $1,100 payment. Phernetton then received his right-to-sue letter and filed this action. However, Phernetton has stated that he would not have filed this action if Lowell had fulfilled the settlement agreement. Phernetton has served Lowell

with discovery requests that addressed the settlement offer and acceptance. Lowell objected to the discovery requests as irrelevant to the issues of this litigation.

Lowell agreed that the parties engaged in settlement discussions through EEOC representatives. However, it has claimed that the parties did not reach a settlement agreement. Rather, it stated that Phernetton made a monetary demand through Campbell to settle his claims on September 25, 2013. Approximately one month later, Jason D. Keck, an attorney for Lowell, informed Campbell that Lowell would settle the claims for a lower sum than Phernetton offered provided that Phernetton agreed to and signed a written agreement that included material non-negotiable, non-monetary terms.

The non-monetary terms included an agreement not to seek reemployment, strict confidentiality with liquidated damage penalties for breach, non-disparagement, a general release, a representation that Phernetton not shift any costs of his claims to Medicare, and factual assertions regarding Phernetton's receipt of wages. During the settlement negotiations, Keck indicated that a signed written agreement stating the material non-monetary terms was a condition precedent to any settlement agreement. Additionally, Keck has stated that the non-monetary terms were as important, if not more, than the monetary terms because of Phernetton's litigious history.

On November 19, 2013, Keck informed Gilmore that Lowell would pay Phernetton an agreed sum to release his claims upon his acceptance and execution of a written settlement agreement including the non-monetary terms. At that time, Keck had not drafted the written settlement agreement. Soon thereafter, Gilmore informed Keck that Phernetton had agreed to the monetary terms of the settlement offer but that the parties would need to work out any non-

monetary terms themselves. She did not state that Phernetton had agreed to the non-monetary terms of the settlement agreement.

Keck then began preparing the written settlement agreement. However, he learned that Phernetton may have been notified of a Medicare lien, which would prevent direct payment. Keck then notified Gilmore of the lien and requested that she ask Phernetton for any documentation to substantiate whether a lien existed. Keck was not notified of any documentation. Therefore, he quit working on the settlement agreement and informed the EEOC that the parties could not settle the case. Phernetton then commenced this lawsuit approximately one month later. Keck has indicated that Phernetton did not seek enforcement of this alleged agreement until sixteen months after he initiated this lawsuit and seven months after his attorneys entered their appearances.

*Discussion*

"The district court has inherent authority to enforce a settlement agreement reached in a case pending before it." ***Allen v. Dana***, 2011 WL 3163232, at *1 (N.D. Ind. July 26, 2011) (citing ***Carr v. Runyan***, 89 F.3d 327, 331 (7th Cir. 1996). However, Phernetton has not alleged that the parties reached a settlement agreement once he commenced this suit. Rather, he has alleged that the parties reached a settlement agreement before he initiated this suit, during settlement discussions with an EEOC investigator and mediator. Because the parties are not diverse, Phernetton must attempt to enforce the settlement agreement in state court even though the alleged agreement settled federal claims. ***Lynch, Inc. v. SamataMason Inc.***, 279 F.3d 487, 489 (7th Cir. 2002) (citing ***Kokkonen v. Guardian Life Ins. Co.***, 511 U.S. 375, 381–82, 114 S. Ct. 1673, 1677, 128 L. Ed. 2d 391 (1994)).

3

In ***Kokkonen***, the Supreme Court indicated that federal courts do not have jurisdiction over a breach of contract suit that included the dismissal of a federal claim as part of the consideration.

> The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection . . . the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business.

***Kokkonen***, 511 U.S. at 381. Additionally, the Court noted that state courts enforce settlement agreements unless there was an independent basis for federal jurisdiction. ***Kokkonen***, 511 U.S. at 382. Phernetton has not established an independent basis for federal jurisdiction in this matter. Therefore, this court does not have jurisdiction to enforce the alleged settlement agreement and will not decide this issue on its merits.

For the foregoing reasons, the Motion to Enforce Settlement Agreement [DE 86] is **DENIED**.

ENTERED this 27th day of May, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge