UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC PHERNETTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:13-cv-487 |
| | ) |
| McDONALD'S, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Sanctions Against Plaintiff's Counsel Pursuant to 28 U.S.C. § 1927 [DE 102], and the Motion for Sanctions Against Plaintiff and His Counsel Pursuant to Fed. R. Civ. P. 11 [DE 104] filed by the defendant, Lowell, Inc., incorrectly identified as McDonald's, on July 6, 2015. For the following reasons, the Motion for Sanctions Against Plaintiff's Counsel Pursuant to 28 U.S.C. § 1927 [DE 102] is **DENIED**, and the Motion for Sanctions Against Plaintiff and His Counsel Pursuant to Fed. R. Civ. P. 11 [DE 104] is **DENIED**.

*Background*

The plaintiff, Eric Phernetton, initiated this employment discrimination suit, *pro se*, on December 27, 2013. He alleged violations of Title VII and the Americans with Disabilities Act. However, he also claimed that the defendant, Lowell, Inc., incorrectly identified as McDonald's, agreed to settle this dispute during settlement discussions with the EEOC. Phernetton has argued that the alleged agreement occurred approximately three months before he filed this case. The parties did not discuss settlement directly but engaged in discussions through an EEOC investigator and an EEOC mediator.

While Phernetton proceeded *pro se*, the discovery process became combative. For example, Phernetton refused to respond substantively to discovery requests and unilaterally ended his deposition after one hour. On October 22, 2014, this court found that Phernetton had engaged in bad faith conduct and levied multiple sanctions. Specifically, the court ruled that any "statements [Phernetton] did not respond to in Lowell's request for admissions [were] deemed admitted." Lowell has indicated that some of the admitted requests included:

> A. Request No. 4: "That Plaintiff does not possess any physical or mental limitations that individually or collectively substantially limit one or more of [his] major life activities."
> B. Requests No. 5 and 7: "That Plaintiff was unable to perform the essential functions of his position with or without a reasonable accommodation."
> C. Request No. 6: "That Plaintiff never informed anyone from Lowell that he had any form of disability or other physical or mental condition."
> D. Request No. 14: "That Plaintiff resigned his employment with Lowell as a result of being unable to work."
> E. Requests No. 16 and 17: "That Plaintiff never requested any accommodations of any type while working for Lowell."

Between September 24, 2014 and November 12, 2014, three pro bono attorneys entered their appearances on Phernetton's behalf. Because Phernetton had obtained counsel, the court afforded him another opportunity to cooperate in discovery before dismissing his case. Additionally, the October 22, 2014 order granted Phernetton's counsel twenty-eight days to respond to Lowell's outstanding discovery. Phernetton then responded to the outstanding discovery requests and completed his deposition. His attorneys then began investigating the case, particularly focusing on the alleged settlement agreement.

On November 25, 2014, Lowell's counsel sent a Rule 11 Letter to Phernetton's counsel asking them to dismiss this matter with prejudice by December 1, 2014. The letter referenced the above admitted statements and argued that Phernetton could not offer any evidence to

support his claims. Additionally, the letter stated that Lowell would seek all available remedies, including the imposition of fees and costs against Phernetton and his counsel if Phernetton failed to dismiss this matter. On December 19, 2014, Phernetton's counsel responded to the letter. His counsel claimed that they had not violated Rule 11 and that they were not sure what requests for admission were admitted. Rather, counsel indicated that he needed additional time to review Phernetton's discovery responses and correspondence with Lowell's counsel to determine which requests were admitted, because the court admitted only those requests that Phernetton failed to answer. However, he stated that Phernetton's primary focus was to enforce the alleged settlement agreement.

On February 16, 2015, Lowell filed its Second Motion to Dismiss or for Sanctions. Within the motion, Lowell claimed that Phernetton had failed to pay the costs for his deposition, as ordered on October 22, 2014. On February 27, 2015, the discovery deadline, Phernetton served discovery requests, but Lowell never responded substantively because it argued they were untimely. On April 13, 2015, the court denied Lowell's Second Motion to Dismiss but ordered Phernetton to pay his deposition costs in monthly installments. Also on April 13, 2015, Phernetton filed a motion to enforce the alleged settlement agreement. On May 27, 2015, this court denied Phernetton's motion because it did not have jurisdiction to decide the issue on its merits. On June 21, 2015, Phernetton filed a motion to dismiss, which remains pending.

*Discussion*

Lowell has requested sanctions against Phernetton and his counsel under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11. Both Section 1927 and Rule 11 prohibit conduct that "is intended to impede and multiply the proceedings, spurning any attempt to seek a resolution of meritorious claims." ***Kapco Mfg. Co., Inc. v. C & O Enters., Inc.***, 886 F.2d 1485,

1491 (7th Cir. 1989). Under Section 1927 and Rule 11 courts may sanction attorneys "to deter frivolous litigation and abusive practices . . . and to ensure that those who create unnecessary costs also bear them." *Kapco*, 886 F.3d at 1491.

Section 1927 authorizes sanctions against an attorney who unreasonably and vexatiously multiplies the proceedings. **28 U.S.C. § 1927**. Courts have discretion to impose Section 1927 sanctions

> when an attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice, pursued a claim that is without a plausible legal or factual basis and lacking in justification, or pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.

*Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (internal citations and quotations omitted). Additionally, Section 1927 requires attorneys to dismiss unviable claims. *Jolly*, 435 F.3d at 720 (citing *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1201 n.6 (7th Cir. 1990)). However, the court is not required to grant sanctions under Section 1927. *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1014 (7th Cir. 2004) ("Section 1927 is permissive, not mandatory. The court is not obliged to grant sanctions once it has found unreasonable and vexatious conduct. It may do so in its discretion.").

Rule 11 authorizes sanctions against an attorney who without reasonable inquiry submitted an unwarranted or frivolous argument. *Berwick Grain Co., Inc. v. Ill. Dept. of Agric.*, 217 F.3d 502, 503 (7th Cir. 2000). The court defines a frivolous motion warranting sanctions as one that is "baseless or made without a reasonable and competent inquiry." *Indep. Lift Truck Builders Union v. NACCO Materials Handling Group, Inc.*, 202 F.3d 965, 969 (7th Cir. 2000). This includes motions clearly lacking in evidentiary support. **Federal Rule of Civil Procedure 11(b)(3)**. "The court undertakes an 'objective inquiry into whether the party or his counsel

should have known that his position is groundless.'" *Fountain v. Musick, Peeler & Garrett, a P'ship*, 2013 WL 5671059, at *6 (N.D. Ind. Oct. 17, 2013) (quoting *Cuna Mut. Ins. Soc. v. Office and Prof'l Emps. Int'l Union*, 443 F.3d 556, 560 (7th Cir. 2006)). Sanctions may include nonmonetary directives, a penalty paid into court, or reasonable attorney's fees and expenses. **Rule 11(c)(4)**.

Lowell has presented the same arguments to support both motions for sanctions. First, it has argued that Phernetton continued to prosecute his Title VII and ADA claims after they were unviable. Lowell claimed that this court's October 22, 2014 order, which deemed certain requests admitted, rendered Phernetton's claims unviable. Therefore, it has concluded that Phernetton's attorneys should have known his claims were baseless and should have dismissed his claims soon after October 22, 2014. Second, Lowell has argued that Phernetton unreasonably multiplied the proceedings by waiting eighteen months into litigation to enforce the alleged settlement agreement. Rather, it claimed that Phernetton should have sought enforcement immediately.

Phernetton's attorneys entered their appearances between nine and eleven months after this action commenced. Moreover, the case included multiple pending discovery issues that required immediate resolution. Therefore, after this court's October 22, 2014 order, the attorneys worked quickly to resolve any outstanding discovery issues, particularly considering that the court required Phernetton to resolve those issues or it would dismiss this case. Thus, they had not multiplied the proceedings at that point.

Lowell's argument has focused on Phernetton's refusal to dismiss his claims after the November 25, 2014 Rule 11 letter. Much of Lowell's argument centered on the assumption that the October 22, 2014 order rendered Phernetton's claims unviable. Lowell listed specific

5

requests that, if admitted, likely made Phernetton's Title VII and ADA claims unviable. However, as stated in Phernetton's counsel's response to the Rule 11 letter, they needed time to review his responses and correspondence to determine which requests were admitted. It is not clear from the record how long it took counsel to determine which requests were admitted.

However, it is clear that Phernetton pursued only the alleged settlement agreement rather than his Title VII and ADA claims after the Rule 11 letter. After responding to the Rule 11 letter on December 19, 2014, where they requested additional time to review Phernetton's claims, counsel served discovery on February 27, 2015. The discovery focused on the alleged settlement agreement, but Lowell refused to respond substantively. Approximately forty-five days later, Phernetton filed his motion to enforce the settlement agreement. After the court denied that motion for lack of jurisdiction on May 27, 2015, Phernetton contacted Lowell to stipulate dismissal within two weeks. Moreover, they filed their motion to dismiss twelve days later after Lowell refused to join their stipulation.

The above events demonstrated that Phernetton's counsel attempted to resolve discovery disputes immediately and then filed limited motions in support of his claims. However, the requests deemed admitted greatly reduced Phernetton's probability of success on his Title VII and ADA claims. For example, Phernetton could not offer evidence to rebut the admissions that he could not perform the essential functions of his position with or without a reasonable accommodation, that he never informed Lowell about any disability or condition, that he never requested an accommodation, and that he resigned because he could not work. Thus, sometime between December 19, 2014 when they responded to the Rule 11 letter and the April 13, 2015 motion to enforce settlement, Phernetton's counsel should have discovered that his Title VII and ADA claims were unviable. However, it was reasonable for them to believe that the alleged

settlement claim was viable, despite this court later finding that it lacked jurisdiction to decide that claim on its merits. Therefore, Section 1927 required Phernetton to dismiss his Title VII and ADA claims sometime between early January 2015 and early April 2015.

However, the court does not find that Section 1927 sanctions are warranted. Any delay by Phernetton's counsel to dismiss the Title VII and ADA claims was limited, and they did not file unreasonable or unnecessary motions during that time. Rather, they filed a single motion on the remaining viable claim before moving to dismiss this action soon after the court's order.

Furthermore, the court will not sanction Phernetton or his attorneys for failing to attempt to enforce the settlement agreement earlier. Considering Phernetton's initial *pro se* status, this court will not hold him to the same standard as an attorney. Additionally, he may have been unaware that he could request a court to enforce the settlement agreement. Moreover, his attorneys did not delay unreasonably to file the motion to enforce the settlement agreement. They first moved to resolve the outstanding discovery, as ordered by this court to stave off dismissal. Next, they requested discovery from Lowell, which it refused to respond to substantively. Then it moved to enforce the agreement. Although they could have filed the motion earlier, Phernetton's counsel did not multiply the proceedings unreasonably and vexatiously. Therefore, the Motion for Sanctions Against Plaintiff's Counsel Pursuant to 28 U.S.C. § 1927 is **DENIED**.

As stated above, at some point between early January 2015 and early April 2015, Phernetton's counsel should have discovered that his Title VII and ADA claims were unviable. However, they were not unwarranted or frivolous when Phernetton filed them *pro se* or before the Rule 11 letter. Although Phernetton alleged that the parties settled the Title VII and ADA claims before he filed his complaint, the parties did not execute an agreement and there was a

7

dispute whether the parties ever reached an agreement. Moreover, if he pursued only the alleged agreement, his underlying claims may have been time barred once the matter was resolved. Therefore, he was warranted to pursue both the underlying claims and the alleged settlement agreement.

Lowell has argued that Rule 11 authorizes sanctions for failing to dismiss claims once it became clear they were baseless after the Rule 11 letter. *See Fuerst v. Fuerst*, 832 F. Supp. 2d 210, 219 (E.D.N.Y. 2011) (awarding Rule 11 sanctions when a plaintiff refused to withdraw his complaint after executing a settlement agreement). The Second Circuit has found that "Rule 11 sanctions are appropriate where an attorney or party declines to withdraw a claim 'upon an express request by his or her adversary after learning that [the claim] was groundless.'" *Carlton Group, Ltd. v. Tobin*, 2003 WL 21782650, at *7 (S.D.N.Y. July 31, 2003) (quoting *Calloway v. Marvel Entm't Group*, 854 F.2d 1452, 1472 (2d Cir. 1988), *rev'd in part on other grounds*, 493 U.S. 120, 110 S. Ct. 456, 107 L. Ed. 2d 438 (1989)). Although not cited by the parties, the Seventh Circuit has found similar conduct sanctionable under Rule 11. *See Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 610 (7th Cir. 2008) ("Fabriko continued to advocate a claim that had no legal basis and refused to alter or withdraw it when that deficiency was pointed out to it. That conduct warranted Rule 11 sanctions.").

As discussed above, Phernetton's Title VII and ADA claims may have been warranted initially, but they became unviable after this court's October 22, 2014 order. Once Lowell indicated the deficiencies of those claims in its Rule 11 letter, Phernetton's counsel had a duty to withdraw the claims. However, because they refused to withdraw the claims, Phernetton's counsel violated Rule 11. Similar to Section 1927, this court "may impose an appropriate sanction" for a Rule 11 violation. **Rule 11(c)(1)**. Additionally, any sanction "must be limited to

what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." **Rule 11(c)(4)**.

Although Phernetton's counsel violated Rule 11 by refusing to withdraw his Title VII and ADA claims, the court does not find that sanctions are warranted. Phernetton's counsel did not continue to pursue those claims after the Rule 11 letter. Rather, as they indicated in their Rule 11 response, they pursued the alleged settlement agreement only. Following the Rule 11 letter, Phernetton filed discovery pertaining to the alleged settlement agreement and a motion to enforce the settlement agreement. He did not file any motions in furtherance of the Title VII or ADA claims. Moreover, he contacted Lowell to stipulate dismissal of his claims within two weeks of this court determining that it did not have jurisdiction to review the alleged settlement agreement.

Phernetton's counsel should have withdrawn his Title VII and ADA claims after Lowell served its Rule 11 letter. However, considering that he did not pursue those claims after the Rule 11 letter, he moved to dismiss them after this court found it lacked jurisdiction over the settlement agreement, and the claims were not frivolous initially, sanctions are not warranted. Therefore, the Motion for Sanctions Against Plaintiff and His Counsel Pursuant to Fed. R. Civ. P. 11 [DE 104] is **DENIED**.

Based on the foregoing reasons, the Motion for Sanctions Against Plaintiff's Counsel Pursuant to 28 U.S.C. § 1927 [DE 102] is **DENIED**, and the Motion for Sanctions Against Plaintiff and His Counsel Pursuant to Fed. R. Civ. P. 11 [DE 104] is **DENIED**.

ENTERED this 14th day of September, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge