UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC PHERNETTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:13-cv-487 |
| | ) |
| McDONALD'S, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Summary Judgment [DE 137] filed by the defendant, Lowell, Inc., incorrectly identified as McDonald's, on October 30, 2015; the Dispositive Statement [DE 123] filed by the plaintiff, Eric Phernetton, on October 1, 2015; Dispositive Motion Part2 [DE 128] filed by Phernetton on October 8, 2015; Dispositive Motion Number 3 [DE 130] filed by Phernetton on October 16, 2015; and the Motion for Relief [DE 136] filed by Phernetton on October 26, 2015. For the following reasons, the Motion for Summary Judgment [DE 137] filed by Lowell is **GRANTED**, and the Dispositive Statement [DE 123], the Dispositive Motion Part2 [DE 128], the Dispositive Motion Number 3 [DE 130], and Motion for Relief [DE 136] filed by Phernetton are **DENIED AS MOOT**.

*Background*

On December 27, 2013, Phernetton filed a Complaint, which alleged that Lowell violated Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. Based on Phernetton's *pro se* Complaint, it appeared that he alleged disability discrimination and failure to accommodate in violation of the ADA and retaliation in violation of Title VII and the ADA. Before filing his Complaint, Phernetton filed a charge with the Equal Employment Opportunity

Commission alleging the same violations. Lowell operates a McDonald's franchise restaurant in Lowell, Indiana. On approximately February 23, 2013, Phernetton applied for an hourly crew member position at the restaurant. Lowell hired Phernetton for that position on or about March 11, 2013. Phernetton's responsibilities included preparing food, servicing customers, and cleaning the restaurant.

Phernetton has claimed that he informed Lowell's general manager, Dan Blaskovich, about his disabilities and medications during his interview. He has alleged that his disabilities restricted the amount of time he could grill and how much weight he could carry. Phernetton has claimed that Lowell did not comply with his disability restrictions, which caused him to miss work due to fatigue and exhaustion. He also has stated that Lowell's noncompliance with his disability restrictions caused his conditions to worsen. Despite letters of his resignation from Lowell, Phernetton has indicated that he did not resign or agree to separate his employment. Phernetton has submitted statements from other witnesses, but the statements were not sworn affidavits.

Despite Phernetton's claims, this court sanctioned Phernetton for bad faith conduct on October 22, 2014 and ruled that any statements in Lowell's request for admission that he did not answer were admitted. Those admissions established that Phernetton resigned his employment with Lowell, that he did not have any limitations that substantially limited any major life activities during his employment, that Phernetton never informed any employees, including management, that he had any limitations, and that he did not request any accommodations from Lowell for a medical condition. The admissions also established that Phernetton received a letter from Lowell memorializing his unacceptable attendance level and requiring him to provide Lowell with documentation substantiating his absences by October 17, 2013 and that Phernetton

did not respond to that letter. Additionally, Lowell demonstrated that it sent a letter to Phernetton indicating that it accepted his voluntary resignation based on his failure to respond to its prior letter.

*Discussion*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); **Garofalo v. Vill. of Hazel Crest**, 754 F.3d 428, 430 (7th Cir. 2014); **Kidwell v. Eisenhauer**, 679 F.3d 957, 964 (7th Cir. 2012); **Stephens v. Erickson**, 569 F.3d 779, 786 (7th Cir. 2009). A fact is material if it is outcome determinative under applicable law. The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. **Adickes v. S.H. Kress & Co.**, 398 U.S. 144, 160, 90 S. Ct. 1598, 1610, 26 L. Ed. 2d 142, 155 (1970); **Stephens**, 569 F.3d at 786. If the non-movant bears the ultimate burden of persuasion on an issue at trial, the requirements are not as onerous for the moving party. **Modrowski v. Pigatto**, 712 F.3d 1166, 1168 (7th Cir. 2013). Under this circumstance, the moving party can either come forward with affirmative evidence negating an element of the opponent's claim or by asserting that the nonmoving party has insufficient evidence to succeed on its claim. **Modrowski**, 712 F.3d at 1169.

Summary judgment may be entered against the non-moving party if it "is unable to 'establish the existence of an essential element to [the party's] case, and on which [that party] will bear the burden of proof at trial . . . .'". **Kidwell**, 679 F.3d at 964 (quoting **Benuzzi v. Bd. of Educ.**, 647 F.3d 652, 662 (7th Cir. 2011) (quoting **Celotex**, 477 U.S. at 322)). "[T]he mere

3

existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Blythe Holdings, Inc. v. DeAgnelis*, 750 F.3d 653, 656 (7th Cir. 2014) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). The non-moving party must show specific facts that create a genuine issue for trial. *Blythe*, 750 F.3d at 656.

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial. *Anderson*, 477 U.S. at 248; *Cung Hnin v. Toa, LLC*, 751 F.3d 499, 504 (7th Cir. 2014); *Stephens*, 569 F.3d at 786; *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. . . . [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

*Anderson*, 477 U.S. at 250; *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149–51, 120 S. Ct. 2097, 2109, 147 L. Ed. 2d 105, 120–22 (2000) (setting out the standard for a directed verdict); *Celotex*, 477 U.S. at 322–23; *Stephens*, 569 F.3d at 786; *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); *Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008) (stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Blythe*, 750 F.3d at 656 (quoting

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

In support of its motion for summary judgment, Lowell has relied on this court's October 22, 2014 order, which ruled that Phernetton's failure to respond to a request for admissions rendered the statements admitted. *See* Opinion and Order [DE 73] at 9–10. This court deemed the statements admitted under **Federal Rule of Civil Procedure 36(a)(3)** because Phernetton failed to respond within thirty days. **Rule 36(b)** states that "a matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Because this court has not allowed Phernetton to withdraw or amend his admissions, the statements are conclusively established. Moreover, the affidavits that Phernetton submitted in opposition to Lowell's motion cannot refute those admissions. *See* ***United States v. Kasuboski***, 834 F.2d 1345, 1350 (7th Cir. 1987).

Lowell has argued that summary judgment is appropriate for Phernetton's ADA discrimination and failure to accommodate claims. The Americans with Disabilities Act prohibits discrimination against an individual based upon such person's disability. **42 U.S.C. § 12112(a)**. An individual claiming protection must show that he is "disabled." **42 U.S.C. § 12112(a)**. An individual is disabled within the meaning of the ADA when he suffers a physical or mental impairment that substantially limits one or more major life activities, has a record of such impairment, or is regarded as having such an impairment. **29 C.F.R. § 1630.2**. Major life activities include activities that a person generally does on a daily basis, including walking, seeing, hearing, speaking, breathing, learning, and working. **29 C.F.R. § 1630.2(i)**. The court must make an individualized analysis to determine whether an individual's impairments

5

"substantially limit" his "major life activities." *E.E.O.C. v. Lee's Log Cabin, Inc.*, 546 F.3d 438, 442 (7th Cir. 2008).

After an individual establishes that he is disabled or regarded as such, he must show that he is qualified for the position in question. *E.E.O.C.*, 546 F.3d at 442. A qualified person is someone who (1) has a disability but still satisfies the requisite skill, experience, education, and other job-related requirements of his employment position, and (2) can perform the essential functions of the position held or desired, with or without reasonable accommodation. **29 C.F.R. § 1630.2(m)**; *Budde v. Kane County Forest Preserve*, 597 F.3d 860, 862 (7th Cir. 2010). The court gives consideration to the employer's judgment as to what functions of the job are essential. **42 U.S.C. § 12111(8)**. If the employee cannot perform the position's essential functions, the court must consider whether a reasonable accommodation would help him perform the job. *Amadio v. Ford Motor Co.*, 238 F.3d 919, 928 (7th Cir. 2001). "Reasonable accommodations are '[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable [a qualified] individual with a disability . . . to perform the essential functions of that position.'" *Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014) (quoting **29 C.F.R. § 1630.2(o)(1)(ii)**). However, the employer does not need to make an accommodation if it "would impose an undue hardship" on the employer's business. *Amadio*, 238 F.3d at 928 (quoting **42 U.S.C. § 12112(b)(5)(A)**).

After an individual has demonstrated that he is a disabled, qualified individual, he can show discrimination by presenting evidence of disparate treatment or a failure to accommodate. *Hoffman v. Caterpillar, Inc.*, 256 F.3d 568, 572 (7th Cir. 2001). In disparate treatment claims, the plaintiff may prove that his employer treated him differently than other workers based on a

protected characteristic with direct evidence of discrimination or indirectly under the *McDonnell Douglas* burden-shifting method. *Hoffman*, 256 F.3d at 572 (citing *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)). Without direct evidence, a plaintiff must establish a *prima facie* case by showing that (1) he is disabled under the ADA; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees received more favorable treatment. *Hoffman*, 256 F.3d at 572.

In failure to accommodate cases, the plaintiff must establish that (1) he is a disabled, qualified individual; (2) his employer was aware of his disability; and (3) the employer failed to accommodate the disability reasonably. *Ekstrand v. School Dist. of Somerset*, 583 F.3d 972, 975 (7th Cir. 2009). Reasonable accommodations may include making facilities more accessible to disabled individuals, job restructuring, reassignment, or equipment modification. **42 U.S.C. § 12111(9)**. Disabled employees must inform their employers of any nonobvious, medically necessary accommodations with corroborating evidence before the employer may be required to provide a specific accommodation. *Ekstrand*, 583 F.3d at 976. When determining whether the employer provided a reasonable accommodation, the court reviews the communications between the parties and considers who was responsible for any communication breakdowns. *Ekstrand*, 583 F.3d at 975–76 (citations omitted).

Lowell has argued that it is entitled to summary judgment on Phernetton's ADA discrimination claim because he has no direct evidence of discrimination and cannot establish a *prima facie* case of discrimination. Phernetton has not offered any direct evidence of discrimination and cannot establish a *prima facie* case. First, Phernetton cannot show that he is disabled under the ADA. His default admissions established that he did not have a physical or

7

mental limitation that substantially limited any major life activities. Request to Admit, ¶ 4. Second, he cannot show that he is a qualified person under the ADA because his admissions established that he could not perform the essential functions of his position with or without a reasonable accommodation. Request to Admit, ¶ 7. Phernetton also admitted that he never informed anyone from Lowell about a disability or condition. Request to Admit, ¶¶ 6, 18.

Even if Phernetton could establish a disability under the ADA, he cannot show that he met Lowell's legitimate expectations. Phernetton's crew member position required regular attendance, but he admitted that he did not submit any documentation to substantiate his absences. Request to Admit, ¶ 12, 15. Phernetton also cannot show that he suffered an adverse employment action because he voluntarily resigned his employment. Request to Admit, ¶ 14; *see* **Whittaker v. N. Ill. Univ.**, 424 F.3d 640, 647 (7th Cir. 2005) (indicating that an employee who resigns does not suffer an adverse employment action). Finally, Phernetton has not identified any similar situated employees who received more favorable treatment and has admitted that no similarly situated employees with similar absences were not terminated. Request to Admit, ¶ 20; *see* **Antonetti v. Abbot Labs.**, 563 F.3d 587, 592 (7th Cir. 2009) ("Without a similarly situated employee, Plaintiffs cannot present a prima facie case and their claim must fail."). Therefore, Phernetton cannot establish a *prima facie* case of discrimination under the ADA. Because Phernetton cannot establish a *prima facie* case, this court will not address the issue of pretext.

Next, Lowell has argued that it is entitled to summary judgment on Phernetton's failure to accommodate claim because he cannot establish a *prima facie* case. Considering the above, Phernetton also cannot establish a *prima facie* case of failure to accommodate. As discussed above, Phernetton's admissions established that he did not have a disability that substantially

limited a major life activity, that he could not perform his essential job functions with or without a reasonable accommodation, and that he did not inform Lowell about any disabilities or conditions. Request to Admit, ¶¶ 4, 6–7, 18. Therefore, Phernetton cannot show that he was a disabled, qualified individual or that Lowell was aware of his disability. Phernetton also admitted that he never requested a reasonable accommodation from Lowell or provided any documentation substantiating a need for an accommodation. Request to Admit, ¶¶ 12, 16–17. Because Phernetton cannot show that Lowell was aware of his disability or that he requested a reasonable accommodation, he cannot establish that Lowell failed to accommodate his disability. Thus, he cannot make a *prima facie* case of failure to accommodate. For these reasons, Lowell's motion for summary judgment on Phernetton's ADA discrimination and failure to accommodate claims is **GRANTED**.

Finally, Lowell has argued that it is entitled to summary judgment on Phernetton's retaliation claim under Title VII or the ADA. Unlawful retaliation occurs when an employer takes a discriminatory action against an employee because the employee engaged in a statutorily protected activity. ***Kampmier v. Emeritus Corp.***, 472 F.3d 930, 939 (7th Cir. 2007). Phernetton may prove retaliation directly or indirectly. ***Alexander v. Casino Quenn, Inc.***, 739 F.3d 972, 983 (7th Cir. 2014). Under the direct method, Phernetton must show that (1) he engaged in a statutorily protected activity, (2) his employer took a materially adverse action against him, and (3) a causal connection between the two. ***Malin v. Hospira, Inc.***, 762 F.3d 552, 558 (7th Cir. 2014) (citation omitted); ***Mobley v. Allstate Ins. Co.***, 531 F.3d 539, 549 (7th Cir. 2008). The court may consider both direct and circumstantial evidence when evaluating the causal connection. ***Malin***, 762 F.3d at 559. Evidence of temporal proximity alone is insufficient to establish a causal connection for a retaliation claim. ***Mobley***, 531 F.3d at 549. Under the

9

indirect method, Phernetton must show that (1) he engaged in a statutorily protected activity; (2) he met Lowell's legitimate expectations; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated employees who did not engage in a statutorily protected activity. *Alexander*, 739 F.3d at 983. Suspicious timing alone is not enough to prove retaliation. **Lumpkins-Benford v. Allstate Ins. Co.**, 567 F. App'x 452, 455 (7th Cir. 2014) (citation omitted).

Phernetton engaged in a statutorily protected activity when he filed an administrative charge with the Equal Employment Opportunity Commission alleging discrimination and retaliation. However, he cannot show retaliation directly or indirectly. As discussed above, Phernetton cannot show that Lowell took an adverse action against him because Phernetton resigned his position. Request to Admit, ¶ 14; *see* **Whittaker v. N. Ill. Univ.**, 424 F.3d 640, 647 (7th Cir. 2005) (indicating that an employee who resigns does not suffer an adverse employment action). Even if Phernetton had suffered an adverse action, he has not identified a causal connection between the action and his protected activity. Therefore, Phernetton cannot show unlawful retaliation directly. Under the indirect method, he cannot show that he met Lowell's legitimate expectations or that he was treated less favorably than a similarly situated employee. As discussed above, Phernetton admitted that his position required regular attendance and that he did not substantiate his absences and did not identify any similarly situated employees. Request to Admit, ¶¶ 12, 15, 20. Therefore, he cannot show unlawful retaliation indirectly. Because Phernetton cannot establish a *prima facie* case of retaliation, this court will not address the pretext issue. For these reasons, Lowell's motion for summary judgment on Phernetton's retaliation claim is **GRANTED**.

Because this court has granted Lowell's motion for summary judgment, Phernetton's Dispositive Statement [DE 123], Dispositive Motion Part2 [DE 128], and Dispositive Motion Number 3 [DE 130] are **DENIED AS MOOT**. Additionally, his Motion for Relief [DE 136] requesting an extension of time to respond to any future motions is **DENIED AS MOOT**.

Based on the foregoing reasons, the Motion for Summary Judgment [DE 137] filed by Lowell is **GRANTED**, and the Dispositive Statement [DE 123], the Dispositive Motion Part2 [DE 128], the Dispositive Motion Number 3 [DE 130], and Motion for Relief [DE 136] filed by Phernetton are **DENIED AS MOOT**.

ENTERED this 28th day of March, 2016.

/s/ Andrew P. Rodovich
United States Magistrate Judge